UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 4480 |
| | ) | |
| v. | ) | Judge Mark Filip |
| | ) | |
| DACIA CHRZANOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, United States of America ("Plaintiff"), is suing Defendant, Dacia Chrzanowski ("Defendant" or "Chrzanowski"), alleging breach of contract for Defendant's voluntary withdrawal from the Army Reserve Officer Training Cadet ("ROTC") Scholarship program. The case is before the Court on Defendant's Motion to Dismiss this action ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 12)[1] As explained below, Defendant's Motion is denied.

BACKGROUND FACTS[2]

Defendant withdrew from the Army ROTC Scholarship Program at the University of Illinois at Chicago in 1996. (D.E. 10 ¶ 4.) Thereafter, the Army Cadet Command initiated administrative disenrollment proceedings against Defendant. (*Id.*) In May 1998, Defendant objected to the Army's determination that she was subject to disenrollment and claimed that her 1996 withdrawal was not voluntary. (*Id.*) Instead, she contended, her withdrawal was the result of impermissible harassment. (*Id.*) In response to Defendant's claim, the Army focused the administrative disenrollment proceedings on

---

[1]  The various docket entries in this case are cited as "D.E. __."

[2]  The background facts are taken from Plaintiff's First Amended Complaint (D.E. 10) and are assumed to be true, as the law requires, for present purposes. The Court takes no position concerning whether any of the allegations are actually well founded.

investigating Defendant's harassment charges. (*Id.*) The Army determined that the harassment charges were not substantiated and disenrolled Defendant from the ROTC program in 2000. (*Id.*) In August 2000, the Army notified Defendant in writing that she was disenrolled from the ROTC program and that she had the choice of repaying the money either through: (1) active duty service in the United States armed services; or (2) repayment of her scholarship funds. (*Id.* ¶ 5.)

Defendant did not respond to this notice, which prompted the Department of Defense to establish a financial debt for Defendant. (*Id.* ¶ 6.) In February 2001, the United States advised Defendant of the establishment of the financial debt and demanded payment. (*Id.*) Defendant failed to repay this debt. (*Id.*)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *accord Johnson v. Riveria*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on the motion, the Court accepts all well-pleaded facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff. *See McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

## DISCUSSION

The statute of limitations period for contracts with the United States is set forth in 28 U.S.C. § 2415. According to this statute,

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is

later . . .

28 U.S.C. § 2415(a). Defendant claims that the United States failed to file this action within the six-year statute of limitations period. (D.E. 12 at 1.) In support of this claim, Defendant refers to paragraph 2(g) of the Cadet Contract, which specifies that a scholarship recipient "may not voluntarily withdraw from the scholarship program without incurring an active duty and reimbursement obligation after the first day of MSII [military science] class (sophomore year), or after the first day of MSIII class (junior year) . . ." (*Id.* at 2.) According to Defendant, this clause in the Cadet contract confirms that the government's right of action accrued in June 1996, and therefore the statute of limitations period expired in June 2002. (*Id.* at 3.) In response, Plaintiff asserts that the right of action accrued when Defendant failed to reimburse the United States in 2001. (D.E. 20 at 1.)

Defendant cannot rely on paragraph 2(g) of the Cadet Contract to show that the statute of limitations period began in June 1996. Paragraph 2(g) merely sets forth the repayment obligation upon breach of the Cadet Contract and does not confirm that the right of action for breach accrues immediately after the first day of MSII or MSIII class.

By way of background, and as set forth by federal statute, a ROTC student incurs a repayment obligation for educational expenses if that individual "voluntarily or because of misconduct" fails to fulfill his or her military obligations. 10 U.S.C. § 2005(a)(3); *see also* D.E. 10, Ex. B (Defendant's ROTC Contract) ¶ 12 (requiring repayment of educational expenses if Defendant "voluntarily or because of misconduct" failed to complete military service obligations); *United States v. Gears*, 835 F. Supp. 1093, 1098 (N.D. Ind. 1993) ("The second element for recovery under § 2005(a)(3) requires the government to prove either that Mr. Gears voluntarily failed to complete his period of active duty or that his failure to complete his period of active duty was because of misconduct."). As the government explains, any duty to repay the United States (or otherwise reimburse the United States through active service as an enlisted person in the

3

armed forces) arises only after a disenrollment proceeding. *See* 10 U.S.C. § 2005(g)(1); *see also* D.E. 10, Ex. B (Defendant's ROTC Contract) ¶¶ 7, 9-10 (discussing investigation related to any ROTC disenrollment proceeding and potential consequences of disenrollment for Defendant). As a result, no obligation became due, and the statute of limitations did not run, until after the disenrollment proceedings for Defendant were over.

As set forth in the government's response, there is a substantial body of federal precedent that supports the position of the United States. (Defendant cites no caselaw in support of her argument.) For example, *United States v. Ins. Co. of North America*, 83 F.3d 1507 (D.C. Cir. 1996), held that when the government's demand for payment is necessary to perfect a cause of action for breach of contract, the statute of limitations cannot be triggered until demand is made. *Id.* at 1510. Here, Plaintiff was obligated under 10 U.S.C. § 2005(g)(1) to investigate the facts of the withdrawal (and whether Defendant's withdrawal was involuntary because it was the result of harassment) to determine the validity of the debt. *See* 10 U.S.C. § 2005(g)(1) ("[T]he Secretary shall designate a member of the armed forces or a civilian employee . . . to determine the validity of the debt."); *see also Rotenberg v. Secretary of Air Force*, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999) (before a reimbursement obligation can be imposed, an ROTC cadet is entitled to a disenrollment proceeding under the Due Process Clause).

Furthermore, as Judge O'Scannlain explained in *United States v. Westerbrand-Garcia*, 35 F.3d 418 (9th Cir. 1994), the government's right of action does not accrue when a scholarship recipient breaches the scholarship. *Id.* at 422. Rather, "[t]he right of action accrues on the date when the damages to be paid to the government are due." *Id.* (citing *United States v. Avila*, 687 F. Supp. 778, 783 (W.D. N.Y. 1988)). That right cannot eventuate until after the disenrollment proceedings conclude, at which time the government has the option of ordering the former ROTC participant into active service as an enlisted member of the armed forces, *see Irby v. United States, Dept. of Army*, 245 F. Supp. 2d 792, 795-96 (E.D. Va. 2003); or ordering repayment of monies owed; or, as was

4

done here, offering the choice of those alternatives to the former ROTC participant.

In this case, when the Army concluded that the debt was valid and disenrolled Defendant, Plaintiff satisfied the requirements to perfect the right of action. The right of action accrued when Plaintiff established a financial debt for Defendant and demanded payment after she failed to reply to the Army's notification that she could either fulfill her obligation through active duty service or through monetary repayment. (D.E. 10 ¶ 5.) Therefore, because the right of action did not accrue before February 2001, the Plaintiff filed the cause of action within the six-year limitations period provided by 28 U.S.C. § 2415.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is respectfully denied. So ordered.

Mark Filip
United States District Judge
Northern District of Illinois

Date: February 18, 2005